IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR439 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| FREDERICK R. CROFFER, | ) | |
| | ) | |
| Defendant. | ) | |

Based upon at least 50 but less than 150 grams of "crack," Frederick R. Croffer was originally sentenced to the statutory minimum of 120 months on July 23, 2009, and the judgment was filed on July 24, 2009. (Filing No. 210.) This was all *before* the Fair Sentencing Act (FSA) took effect on August 3, 2010. Therefore, the Supreme Court's decision in *Dorsey v. United States*, — U.S. —, 132 S.Ct. 2321, 2335-36 (2012), (making the FSA's higher quantity triggers for statutory minimums retroactive in certain cases) does not apply. This is because "'the Act applies retroactively *only* to 'offenders whose crimes preceded August 3, 2010, but who are sentenced *after* that date.'" *United States v. Mouzone*, 687 F.3d 207, 222 (4th Cir. 2012) (quoting *Dorsey*) (emphasis added).

As a result, Croffer is not entitled to relief under the FSA. There was no retroactive raising of the quantity trigger for the 10-year statutory minimum in Croffer's case because he was originally sentenced prior to the effective date of the FSA.

It is true that Croffer later received a Rule 35(b) reduction in December of 2009. His sentence was reduced to 80 months (Fling No. 236). However, "Rule 35(b) uses the original guideline range as a frame of reference" and "[w]here . . . the defendant was originally sentenced at the bottom of the restricted Guidelines range (the statutory minimum), the district court starts from that point and departs as necessary to reflect the

defendant's assistance." *United States v. Roa-Medina*, 607 F.3d. 255, 259 (1st Cir. 2010) (Defendant's 72-month sentence for distributing cocaine base, which district court had reduced from original 120-month sentence pursuant to government motion for sentence reduction based on defendant's substantial assistance, continued to be based on restricted sentencing guidelines range of 120-135 months that had applied at original sentencing by operation of 120-month statutory mandatory minimum sentence, and thus, 72-month sentence was not based on sentencing range that was subsequently lowered by guidelines amendment lowering offense levels for crack cocaine offenses, so as to make defendant eligible for sentence reduction under statute authorizing sentence reduction in case of defendant who was sentenced based on sentencing range that was subsequently lowered by Sentencing Commission). *See also United States v. Lewis*, 2012 WL 3139735 (8th Cir., August 3, 2012).

In an effort to treat all defendants fairly, the United States Probation Office for the District of Nebraska looked into the defendant's case to determine whether he was entitled to relief under the FSA. USPO Foster submitted a "2011 Retroactive Sentencing Worksheet" indicating that Croffer is not entitled to relief under the FSA and he provided copies to counsel. I have now examined the Worksheet and I agree with USPO Foster's conclusion.

IT IS ORDERED that:

1. USPO Sandra Foster shall file the Worksheet (under seal) on the court's ECF docket sheet;

2. The defendant is not entitled to relief under the Fair Sentencing Act and the Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Filing No. 256) is denied; and

2

3. The Clerk shall provide a copy of this Memorandum and Order to SUSPO Mike Norton and USPO Foster.

DATED this 2nd day of June, 2014.

                                  BY THE COURT:

                                  s/Laurie Smith Camp
                                  Chief United States District Judge